Filing # 62226739 E-Filed 09/29/2017 06:50:32 PM

IN THE CIRCUIT COURT FOR THE 18th JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

BRIAN MUSSER,

    Plaintiff,

v.

CASE NO.: 2017-CA-002214-16K-G

NEFF RENTAL, LLC, A foreign limited
liability company,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, BRIAN MUSSER, ("Plaintiff" or "Mr. Musser"), by and through undersigned counsel, files this Complaint against Defendant, NEFF RENTAL, LLC., ("Defendant" or "NR"), and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff was a non-exempt employee who primarily provided local driving services for Defendant in Seminole County, Florida.

3. Defendant is a foreign limited liability company, who, at all times relevant, employed Plaintiff in Seminole County, Florida.

4. Jurisdiction and Venue are proper in this Court, as the actions giving rise to this lawsuit arise out of both Florida and federal law, and occurred in Lee County, Florida.

5. Plaintiff is seeking in excess of $15,000.00, exclusive of attorneys' fees and costs.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d), in that Defendant's annual gross revenues during all times relevant exceeded $500,000.00 per annum, and Defendant utilized goods and parts that originated outside Florida.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

9. Mr. Musser worked as an hourly paid driver for Neff in Sanford, Florida, for over twelve (12) years, from December, 2004 until he resigned on February 14, 2017.

10. In addition to his regular driving duties, Mr. Musser was regularly required to be on call as part of his job requirements.

11. During this time, Mr. Musser was required to be in close enough proximity to return to Neff's office at any time, and he was not free to use this time for "his own personal benefit."

12. Mr. Musser was never properly compensated for same.

13. Under the FLSA, an employer must compensate an employee who is "suffered or permitted" to work, including any time an employee is working on-call under significant restraints from their employer. *See* 29 CFR §785.17.

14. Mr. Musser routinely worked more than forty (40) hours in a given work week, but was not paid time and one half his regular rate of pay for **all hours** worked per week in excess of forty (40) per work week.

15. Defendant's actions in this regard violate the overtime provisions of the FLSA.

16. Under the FLSA, an employer is required to pay its non-exempt employees time and one-half for all hours worked over forty (40) in a given workweek. *See* 29 U.S.C. § 207.

17. During all times relevant, Defendant willfully engaged in practices that denied Plaintiff applicable overtime wages under the FLSA, because Defendant was aware that its practices were illegal.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

18. Plaintiff reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

19. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

20. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time and one-half compensation for all hours worked.

21. Plaintiff is not an exempt employee as defined by the FLSA.

22. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

23. As a result of Defendant's willful violation of the FLSA and/or Defendant's good faith basis for its actions, Plaintiff is entitled to liquidated damages.

24. Prior to Plaintiff's termination, Defendant did not consult with a lawyer to determine whether its pay practices regarding Plaintiff were in violation of the FLSA.

25. Prior to Plaintiff's termination, Defendant did not consult with an accountant to

determine whether its pay practices regarding Plaintiff were in violation of the FLSA.

26. Prior to Plaintiff's termination, Defendant did not consult with the Department of Labor to determine whether its pay practices regarding Plaintiff were in violation of the FLSA.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

   a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

   c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 29TH day of September 2017.

**Respectfully Submitted,**

**/s NOAH STORCH**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: noah@floridaovertimelawyer.com

*Attorney for Plaintiff*

UNOFFICIAL