UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN MUSSER,

    Plaintiff,

v.

NEFF RENTAL, LLC.,

    Defendant.

CASE NO.: 6:17-cv-02199-JA-DCI

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, BRIAN MUSSER, and Defendant, NEFF RENTAL, LLC ("Defendant" or "Neff Rental") (Plaintiff and Defendant are collectively the "Parties"), by and through their undersigned counsel jointly request that this Court approve the Parties' settlement and dismiss the above captioned matter with prejudice.

## BACKGROUND

**I.   INTRODUCTION**

In the instant action, Plaintiff claims entitlement to unpaid compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for time spent while "on call." Defendant disputes Plaintiff's claims. The Parties have exchanged discovery and heard Plaintiff's deposition testimony. In light of the facts, the Parties now agree that Plaintiff's likelihood of success on the merits is highly unlikely because Plaintiff's testimony establishes that his on call time was not compensable under the FLSA. Accordingly, in order to avoid the costs of litigation, the Parties negotiated a settlement of this matter. A copy of the Settlement Agreement is attached

as Exhibit A. The Parties now seek approval for the settlement of the Plaintiff's FLSA claims from the Court.

## II. UNDISPUTED FACTS

The sole issue in this case is whether Plaintiff is entitled to compensation for time he spent "on call" every other week, on nights and weekends. Plaintiff was a truck driver who delivered rental equipment to and from customer sites. Plaintiff's usual work schedule was Monday through Friday, and every other week, Plaintiff was asked to be available "on call" from the time he left work to the time he reported the next morning and during the weekend in case he was needed for a delivery or pick up.

In his deposition, Plaintiff testified that while he was "on call," he had to carry a company-issued cell phone to receive calls. There were no geographic restrictions on Plaintiff during his "on call" time, and if he was called in, he had up to an hour to report to work. Plaintiff's work location was approximately fifteen to twenty minutes from his home. Plaintiff also testified that there were instances in which he needed more time to respond (up to two to three hours) and he was permitted to do so with no adverse consequences. In fact, Plaintiff was never disciplined for failing to respond to a call or for failing to arrive at work in a timely manner. If Plaintiff did not want to be "on call" in a particular week, he could switch weeks with other employees. Other than remaining sober so that he could drive, there were no restrictions during his "on call" time. He was not required to drive a company vehicle or wear a uniform. If Plaintiff was not at his home when he received a call, he could report to work in whatever casual attire he was wearing and in whatever vehicle he was driving.

When Plaintiff was called in to work he was paid for the time. Plaintiff confirms he has no claim for unpaid work time other than the time he was on call. It is possible, however,

that there was some de minimis time he spent on the phone during nights and weekends answering questions but those calls were generally no more than a few minutes.

Plaintiff rarely was called into work during his on call time. Plaintiff's time records from 2016 (his last full calendar year with the company) show that over the course of that entire year, Plaintiff was *never* called in on a weekday. Moreover, there were only nine weekends when he went to work. Of those, not all were situations where he was called in during an "on call" week. On at least one, and perhaps other occasions, Plaintiff worked on a Saturday due to a planned assignment for which he was scheduled in advance. Plaintiff admitted there were occasions where he went two to three months without being called in at all.

## MEMORANDUM OF LAW

### III. FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE

#### A. The Settlement is Reasonable and Fair.

Pursuant to the case law of this Circuit, judicial review and approval of this tentative settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores,*

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

The Court should approve an FLSA settlement if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable

compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider, *inter alia*, the probability of plaintiffs' success on the merits; the existence of fraud or collusion behind the settlement; and the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007). *See also Hill v. Florida Industrial Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6 (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.,* No. 6:05-cv-1247-Orl-JGG, 2006 U.S. Dist. LEXIS 22066, at *4 (M.D. Fla. Apr. 12, 2006). The Court should apply the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3. *See also Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977). Here, the settlement is reasonable because, as explained below, the undisputed facts do not support a viable cause of action.

    **B.**    **The Relevant Criteria Support Final Approval of the Settlement.**

        i.    <u>Plaintiff does not have a viable FLSA claim.</u>

The settlement is fair and reasonable because it is highly unlikely Plaintiff will succeed if this litigation proceeds. In light of the clear standard applied by courts, the undisputed facts, based largely on Plaintiff's own testimony, demonstrate that Plaintiff simply does not have a claim for compensable "on call" time under the FLSA. In assessing whether "on call" time is compensable, courts distinguish between being engaged to wait, and waiting to be engaged. *See, e.g.*, *Birdwell v. Gadsden*, 70 F.2d 802, 807 (11th Cir. 1992). The key question is "whether the time is spent predominately for the employer's benefit or for the employee's." *Id.* (quoting *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944); *Boehm v. Kansas City Power and Light Co.*, 868 F.2d 1182 (10th Cir. 1989); *Halferty v. Pulse Drug Co.*, 864 F.2d 1185, 1187 (5th Cir. 1989).

4

In determining whether "on call" time is compensable, courts look to a variety of factors, including whether the employee is required to remain on the employer's premises, the frequency of calls, whether geographical restrictions are excessive, the permissible response time, whether the employee is able to trade "on call shifts," and whether the employee can engage in personal activities while "on call." *See, e.g.*, *Lurvey v. Metropolitan Dade County*, 870 F. Supp. 1570, 1579-81 (S.D. Fla. 1994).

In this case, all the factors weigh heavily against a finding that Plaintiff's "on call" time was compensable. In fact, numerous courts have held employees' "on call" time not compensable even when the employees faced far greater restrictions than did Plaintiff. *See, e.g.*, *Birdwell*, 70 F.2d at 807-10 (finding "on call" time not compensable when detectives were required to be on call 24 hours per day for seven days in a row, were required to carry a beeper, could not leave town, were required to take a separate vehicle when doing an activity with family, and had to be prepared to report for duty immediately and in uniform); *Bright v. Houston Northwest Medical Center Survivor, Inc.*, 934 F.2d 671, 673-78 (5th Cir. 1991) (en banc) (finding "on call" time not compensable when plaintiff was "on call" for eleven months in a row, 24 hours per day, seven days per week, was required to be always reachable by beeper, and was required to report to work within 20 minutes of being called); *Chapman v. Grable Plumbing Co.*, No. 8:10-cv-1202-T-30AEP, 2011 U.S. Dist. LEXIS 83998, at *7-11 (M.D. Fla. Aug. 1, 2011) (finding "on call" time not compensable when plumber's service calls were limited in number, he had ability to switch "on call" shifts, and he was required to be within 15 minutes of the service van at all times while on call); *Lurvey*, 870 F. Supp. at 1573 (finding "on call" time not compensable when employees were required to remain at home during the *entirety* of their "on call" shifts). The Department of Labor has similarly opined that restrictions must be stringent in order for "on call"

time to be compensable. *See* Dep't of Labor Opinion Letter FLSA2018-1 (Dep't of Labor January 5, 2018) (opining that a *five-minute* response time for firefighters was not so restrictive as to require their "on call" time to be compensable, and highlighting the importance of the *number* of call-backs).

In every one of the above cases, the employee was subject to much more burdensome restrictions than was Plaintiff. Plaintiff was only called into work during "on call" shifts on a handful of occasions over the course of the year. He had the ability to switch his "on call" shifts. He was given a full hour to report to work if called in, and when he did not report in a timely manner, he was not disciplined. He was permitted to leave his house, participate in activities and engage in personal pursuits. For all these reasons, Plaintiff does not have a viable unpaid "on call" compensation claim. Accordingly, the Parties' negotiated settlement is fair and reasonable.

  ii. <u>There is no fraud or collusion behind the settlement.</u>

Additionally, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each Party was independently represented by counsel. Plaintiff was represented by Noah E. Storch, Esq. of Richard Celler Legal, P.A. and Defendant was represented by Tasos C. Paindiris, Esq. of Jackson Lewis P.C. Both of the counsel involved have extensive experience litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent his clients' rights. Given the *undisputed* facts demonstrate that Plaintiff's claim is meritless, the amount paid to Plaintiff is fair.

      iii.    <u>There has been sufficient investigation and exchange of information to allow the Parties to make educated and informed decisions.</u>

Moreover, the Parties have engaged in discovery, and have also voluntarily exchanged information regarding Plaintiff's hours worked and compensation on an informal basis during their settlement negotiations. In agreeing upon the proposed settlement, the Parties exchanged sufficient information to allow them to make an educated and informed analysis and conclusion.

      iv.    <u>The Parties weighed the opinions of counsel in deciding whether to settle.</u>

Finally, all Parties were represented by counsel who have extensive experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. Accordingly, the Court should find that their recovery is a fair and reasonable settlement.

    **C.**    **The Attorneys' Costs to be Paid as Part of the Settlement are Fair and Reasonable.**

Courts also consider the reasonableness of the proposed attorneys' fees in evaluating whether a settlement is fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In this case, the Parties agreed that Defendant would pay Plaintiff's attorneys' costs. This was negotiated separately from and without regard to the settlement sums being paid to Plaintiff. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's

7

recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). The attorney's costs negotiated separately in this matter are fair and reasonable.

## CONCLUSION

As demonstrated above, the settlement terms are fair, reasonable and adequate. The Parties' FLSA settlement does not include a general release, confidentiality provision or non-disparagement provision. Thus, the Parties hereby jointly stipulate that the case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a), upon approval of the settlement by the Court as requested above, and for the Court to retain jurisdiction in order to enforce the terms of the settlement agreement if needed.

WHEREFORE, the Parties respectfully request that the Court (i) GRANT this Joint Motion for Approval of the Settlement; (ii) APPROVE the settlement outlined in this motion and the attached settlement agreement; and (iii) GRANT such further relief as the Court deems appropriate.

Dated this 8th day of March 2019.

Respectfully submitted,

| RICHARD CELLER LEGAL, P.A. | JACKSON LEWIS P.C. |
|---|---|
| 7450 Griffin Road, Suite 230 | 390 North Orange Avenue, Suite 1285 |
| Davie, FL 33314 | Orlando, Florida 32801 |
| Telephone: (866) 344-9243 | Telephone:   (407) 246-8440 |
| Facsimile: (954-337-2771 | Facsimile:    (407) 246-8441 |
| By:  */s/ Noah E. Storch* | By:  */s/ Tasos C. Paindiris* |
|         Noah E. Storch |         Tasos C. Paindiris |
|         Florida Bar No. 0085476 |         Florida Bar No. 0041806 |
|         noah@floridaovertimelawyer.com |         tasos.paindiris@jacksonlewis.com |
| Attorneys for Plaintiff | Attorneys for Defendant |

4852-8036-4422, v. 2