# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRIAN MUSSER,**

        **Plaintiff,**

v.                                               Case No:  6:17-cv-2199-Orl-28DCI

**NEFF RENTAL, LLC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTIN TO DISMISS THE CASE WITH PREJUDICE (Doc. 30)** |
| **FILED:** | **March 8, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.  Background**

Plaintiff filed this action pursuant to the Fair Labor Standards Act (FLSA) for unpaid compensation for time spent while "on call." Doc. 1.  Plaintiff describes this as Defendant's failure to pay him overtime wages under the FLSA.  *Id*.  The parties have settled the case after Plaintiff filed his answers to the Court's FLSA interrogatories, and the parties state that they have exchanged discovery and Plaintiff has been deposed.  *See* Docs. 18, 28, and 30.

The parties subsequently filed a Joint Motion for Approval of Settlement, to which the settlement agreement is attached.  Docs. 30 (the Motion); 30-1 (the Agreement).  The parties assert

that the Agreement represents a fair and reasonable resolution of Plaintiff's FLSA claims and request that the Court grant the Motion and dismiss the case with prejudice. Doc. 30 at 8. Overall, the parties state that they have settled this matter to avoid the cost of litigation. *Id*. at 1.

**II.     Law**

In *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer and under section 216(b) to recover back wages for FLSA violations. When employees bring a private action or back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Since the parties have submitted a motion, the Court must scrutinize the attached Agreement to determine if it is a fair and reasonable resolution of a bona fide dispute. *See id*. at 1354-55. In determining whether the Agreement is fair and reasonable, the Court should consider the following factors:

> (1) The existence of collusion behind the settlement;
> (2) The complexity, expense, and likely duration of the litigation;
> (3) The state of the proceedings and the amount of discovery completed;
> (4) The probability of plaintiff's success on the merits;
> (5) The range of possible recovery; and
> (6) The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[2] The parties may demonstrate the reasonableness of the fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III.   Analysis**

    **A.  The Settlement.**

Plaintiff claims that Defendant failed to pay him wages for "on call" overtime in violation of the FLSA. Doc. 1. To the contrary, Defendant's position is that it does not owe Plaintiff any unpaid wages. Docs. 13 at 1; Doc. 30 at 1. This case, therefore, involves a bona fide disputed issue of liability under the FLSA.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

In the Motion, the parties state that all of the appropriate factors considered by courts weigh against finding that the "on call" time was compensable. Doc. 30 at 5. Specifically, Plaintiff was not under burdensome restrictions; he was only called into work on a handful of occasions over the course of a year; he was given a full hour to report to work if called in; he was not disciplined if he did not report in a timely manner; if he did not want to be on call he could switch with another employee; and he was permitted to leave his house and participate in activities. *Id*. at 2, 6.

Plaintiff agrees that given the controlling law and the undisputed facts based largely on his testimony, his likelihood of success is highly unlikely. *Id.* at 4. For these reasons, Plaintiff has agreed to receive a total of $125.00 in unpaid wages and an equal amount in liquidated damages in exchange for releasing any claims under the FLSA that he may have against Defendant. Doc. 30-1 at 2, 5. The undersigned finds that this is a fair and reasonable compromise based on the reasons Plaintiff articulated for compromising his claims under the FLSA. Therefore, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $897.50 in attorney fees and costs for representing Plaintiff in this case. Doc. 30-1 at 3. The parties state that the attorney fees and costs were "negotiated separately from and without regard to the settlement sums being paid to Plaintiff." Doc. 30 at 7. The parties' representation adequately establishes the reasonableness of the fees under the agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, the undersigned **RECOMMENDS** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### C. The Other Terms of the Agreement

Plaintiff has agreed to release all claims against Defendant under the FLSA. Doc. 30-1 at 2. The limited scope of the release allays any concern that Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to the claims at issue in this case. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012). Further, the Agreement does not contain any other provisions that are often found to undermine the fairness and reasonableness of an FLSA settlement, i.e., confidentiality and non-disparagement provisions. *See* Doc. 30-1. Thus, the undersigned **RECOMMENDS** that the Court find that none of the other terms of the Agreement affect the overall fairness and reasonableness of the settlement.

## IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 30) be **GRANTED**;
2. The Court find the Agreement (Doc. 30-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1.  **The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

      Recommended in Orlando, Florida on April 5, 2019.

                                                   DANIEL C. IRICK
                                                   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy